Filed 8/16/24  In re Pedro S. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re PEDRO S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D082537 |
| Plaintiff and Respondent, | (Super. Ct. No. J244358) |
| v. | |
| PEDRO S., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winter, Chief Assistant Attorney General, Steve Oetting and Joshua Trinh, Deputy Attorneys General for Plaintiff and Respondent.

After finding that he committed first degree murder and other felonies, the juvenile court committed Pedro S. to a secure youth treatment facility for seven years. Pedro argues that the juvenile court made several errors in exercising its discretion to select that term of confinement. But having failed to raise each of these issues in the juvenile court, he has forfeited these contentions on appeal. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2023, Pedro was alleged to have committed first degree murder (Pen. Code, § 187), robbery (*id.*, § 211), two firearm-related offenses (*id.*, §§ 29610, 25400), and possessing live ammunition (*id.,* § 29650), stemming from a dispute over some vape pens that Pedro wanted to buy from the victim. The incident was captured on a surveillance video. Apparently something went wrong during the transaction that caused the victim to grab the vape pens and run away from Pedro. Pedro chased down the victim, fatally shot him at close range in the back of the head while he was lying on the ground, and retrieved the vape pens. At the time of the murder, Pedro was 15 years old.

After finding that he committed the charged offenses, the juvenile court held a disposition hearing to decide whether to commit Pedro to a secure youth treatment facility (SYTF).[1] The requirements for doing so in Pedro's case are provided for by Welfare and Institutions Code section 875 and

---

[1] By the date of Pedro's disposition hearing, a "juvenile justice realignment" had transferred responsibility for wards of the court from the State to the counties. (See generally *In re Jose R.* (2024) 102 Cal.App.5th 839, 845–846.) County-run SYTFs replaced the Department of Corrections and Rehabilitation, Department of Juvenile Justice as the most restrictive placement for severe juvenile offenders. (*Ibid.*) Juvenile courts are authorized to confine to SYTFs minors found to have committed certain felony offenses when they were at least 14 years old. (*Id.* at p. 846 & fn. 2.)

2

rule 5.806 of the California Rules of Court, the latter of which became effective only a month before the disposition hearing.[2] To commit a youth to a SYTF, the juvenile court must first find that "a less restrictive, alternative disposition for the ward is unsuitable." (§ 875, subd. (a)(3).) If the court makes this finding, it must select the baseline term of confinement (baseline term) "for the most serious recent offense for which the ward has been adjudicated." (*Id.*, subds. (b)(1), (h).) Rule 5.806(d) assigns ranges of baseline terms to various offenses, e.g., a range of four to seven years for murder. When selecting a baseline term, the court must consider the four criteria stated in the rule.[3] (Rule 5.806(b).) It must also "state on the record its reasons for selecting a particular term, referencing each of the criteria and any factors the court deemed relevant." (*Ibid.*)

During the disposition hearing, Pedro recognized that the juvenile court was likely to confine him to a SYTF and agreed that the baseline term would be between four and seven years. He requested a five year term. Consistent with the People's recommendation, the juvenile court decided that Pedro should be confined to a SYTF for a baseline term of seven years.

Explaining its decision to the victim's family, the court described the "justice system" as "flawed and broken" and apologized for being unable to offer them any solace for their loss. Turning its attention to Pedro, the court remarked that he had already received a benefit by being tried as a juvenile

---

[2] All further statutory and rules references are to the Welfare and Institutions Code and California Rules of Court, respectively.

[3] These include: "(1) The circumstances and gravity of the commitment offense"; "(2) The youth's prior history in the juvenile justice system"; "(3) The confinement time considered reasonable and necessary to achieve the rehabilitation of the youth"; and "(4) The youth's developmental history." (Cal. Rules of Court, rule 5.806(b)(1)–(4).)

because an adult convicted of murder would have received a sentence of 50 years to life. The court referred to Pedro's recent behavior in juvenile hall, which included fighting with rival gang members, to conclude that a seven-year baseline term was necessary to give him the best chance to be rehabilitated. For her part, Pedro's trial counsel neither raised any objections nor asked any clarifying questions.

## DISCUSSION

Pedro asserts that the juvenile court's comments about the "broken" justice system and the perceived benefit he had already received by being tried for murder as a juvenile constitute prejudicial error. In Pedro's view, these comments evinced a "personal antipathy" for the juvenile justice system that is not a valid consideration under the rule.[4] He also maintains that the only rule 5.806(b) criterion referred to on the record by the court was the length of the confinement term needed to rehabilitate him due to his recent behavioral issues in juvenile hall. According to Pedro, this single factor could not support a seven year baseline term because it was outweighed by significant mitigating evidence.

The People counter that Pedro forfeited these issues because he failed to raise them during the disposition hearing. To the extent his contentions have been preserved, the People maintain that the court considered the rule 5.806(b) criteria. We agree that Pedro forfeited his claims and affirm on that basis.

---

[4]     Pedro does not contend in his opening brief that the juvenile court erred by failing to state all four rule 5.806(b) criteria on the record; however, he asserts in his reply brief that the juvenile court's failure to do so was an error. Absent good cause and unusual circumstances, we do not consider arguments raised for the first time in a reply brief. (*People v. Peevy* (1998) 17 Cal.4th 1184, 1206.)

The forfeiture rule (sometimes called the waiver doctrine) applies to claims raised for the first time on appeal "involving the trial court's failure to properly make or articulate . . . discretionary sentencing choices."[5]  (*People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*).)  Pedro's claims fall squarely within the categories of appellate challenges *Scott* says must first be objected to in the trial court:  the "stated reasons allegedly do not apply to the particular case" or the court erred because it "misweighed the various factors" or "failed to state any reasons or give a sufficient number of valid reasons."  (*Ibid.*)  So long as the juvenile court selected a baseline term that was "otherwise permitted by law" and gave Pedro a "meaningful opportunity to object" during the disposition hearing—neither of which he disputes—the forfeiture rule bars us from addressing the merits of his claims.  (*Id.* at pp. 354, 356.)

Here, Pedro's appellate counsel chooses to interpret the juvenile court's comments to suggest that it was selecting the maximum baseline term merely because prior law would have permitted Pedro to be tried as an adult with a much longer maximum period of confinement.  He believes these statements expressed the judge's personal antipathy to the Legislature's "current thinking" regarding juvenile justice. Of course, a judge's personal views on the wisdom of legislative policy choices are not a proper subject of comment at a sentencing hearing.  The judge is obligated to fairly apply the law so as to effect and not frustrate the Legislature's intent, regardless of his or her personal opinions.  (See *People v. Penoli* (1996) 46 Cal.App.4th 298, 304.)  We do not read the judge's comments in the same way as Pedro does,

---

[5]    Even though "juvenile confinements are not 'sentences' " (*In re Jovan B.* (1993) 6 Cal.4th 801, 812), the principles discussed in *Scott* apply when reviewing a juvenile court's discretionary choices when imposing a term of confinement (*In re G.C.* (2020) 8 Cal.5th 1119, 1130–1131).

but even if true, a specific objection would have clarified the judge's intent and understanding of the relevant factors.

Pedro goes on to argue that the juvenile court's remaining reason for selecting a seven-year baseline term—his recent behavioral issues at juvenile hall—provided an insufficient basis to justify the court's decision.[6] He faults the trial court for failing to discuss each of the factors listed in rule 5.806(b). Again, however, a court's asserted failure to provide "a sufficient number of valid reasons" for a sentencing choice falls squarely within *Scott*'s objection requirement. (*Scott, supra,* 9 Cal.4th at p. 353.) A timely objection would have permitted the juvenile court to explain why it believed Pedro's gang-related fights in juvenile hall demonstrated the need for a longer period of rehabilitation when considered with all the other relevant factors.

In finding that these arguments have been forfeited by trial counsel's failure to object, we decline Pedro's invitation to excuse the lack of an objection based on alleged futility. (*People v. Welch*, (1993) 5 Cal.4th 228, 237 [excusing parties from making futile objections].) Pedro asserts that none of the issues he raises on appeal would have necessarily resulted in a shorter baseline term if they had been raised as objections, but that is not the meaning of futility in this context. An objection does not merely allow the trial court to change the result; it may, instead, permit the judge to explain his or her reasoning in a manner that clarifies the existing decision and facilitates appellate review. (*Scott*, *supra*, 9 Cal.4th at p. 351.)

---

[6] Pedro interprets the juvenile court's comments about his behavioral issues as having more to do with a future hearing to reduce his baseline term than with the length of the term needed to rehabilitate him. While it is true the court suggested that Pedro's behavior would factor into a future decision to reduce his baseline term, the main point was his behavior strongly indicated that a seven-year term was necessary to give him the best chance to be rehabilitated.

As a last resort, Pedro contends that if we conclude his appellate arguments are forfeited, then he did not receive constitutionally mandated effective assistance of trial counsel. But "[i]t is particularly difficult to prevail on an *appellate* claim of ineffective assistance." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) This is so because "we begin with the presumption that counsel's actions fall within the broad range of reasonableness" (*People v. Mickel* (2016) 2 Cal.5th 181, 198), and the record on appeal frequently "sheds no light on why counsel acted or failed to act in the manner challenged" (*People v. Lopez* (2008) 42 Cal.4th 960, 966 [internal quotation marks omitted]). In such circumstances, "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation" for the challenged conduct, there is no alternative but to affirm the judgment, relegating the defendant to a habeas petition that can be used to remedy deficiencies in the appellate record. (*Ibid.* [internal quotation marks omitted].) We will thus reverse a judgment or order "only if there is affirmative evidence that counsel had ' " 'no rational tactical purpose' " ' for an action or omission." (*Mickel,* at p. 198, quoting *People v. Lucas* (1995) 12 Cal.4th 415, 437.)

The record contains no explanation why Pedro's trial counsel chose not to raise the issues his appellate counsel has identified. (See *People v. Sepulveda* (2020) 47 Cal.App.5th 291, 302.) Nor is this a situation where there could be no conceivable tactical justification for his trial counsel's decision to remain silent during the disposition hearing. (*Ibid.*) Attorneys are entitled to focus on the arguments that, in their professional judgment, have the best chance of succeeding rather than raising "every colorable issue." (See *Jones v. Barnes* (1983) 463 U.S. 745, 753.) And they may do so without fear of being deemed ineffective based on an appellate court's second-

7

guessing. (*People v. Kelly* (1992) 1 Cal.4th 495, 520.) Perhaps Pedro's trial counsel thought the best approach to convincing the juvenile court to adopt her recommendation was to focus on what she believed were mitigating factors. She might reasonably have thought that objecting to the court's comments Pedro's appellate counsel takes issue with would have emphasized a concededly aggravating factor and thereby undercut her strategy. Whatever the case may be, because the record is silent on why trial counsel did not object, we are unable to address and resolve Pedro's ineffective assistance claim on direct appeal.

## DISPOSITION

The judgment is affirmed.


DATO, J.

WE CONCUR:


IRION, Acting P. J.


BUCHANAN, J.